MEMORANDUM **
Victor Hugo Rivas-Barrios, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, Husyev v. Mukasey, 528 F.3d 1172, 1177 (9th Cir.2008), and we review de novo due process claims, Ngongo v. Ashcroft, 397 F.3d 821, 823 (9th Cir.2005). We deny in part and dismiss in part the petition for review.
The record does not compel the conclusion that Rivas-Barrios established changed or extraordinary circumstances to excuse his late filed asylum application. See 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, Rivas-Barrios’s asylum claim fails.
*846 Rivas-Barrios’ testimony that he was attacked on account of his religion was inconsistent with his declaration and the police report which did not mention a religious motivation and instead indicated the attack occurred in response to Rivas-Barrios’ previous confrontation with his attackers regarding an incident of sexual abuse against his son. Because this incident is central to his claim, substantial evidence supports the IJ’s adverse credibility determination. See Goel v. Gonzales, 490 F.3d 735, 739 (9th Cir.2007). In the absence of credible testimony establishing persecution on account of a protected ground, Rivas-Barrios’ withholding of removal claim fails. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Rivas-Barrios’ CAT claim is based on the testimony the IJ found not credible, and Rivas-Barrios points to no other evidence to show it is more likely than not he would be tortured if returned to Mexico, his CAT claim fails. See id. at 1156-57.
Rivas-Barrios’ due process contention regarding the IJ’s refusal to permit his witness to testify fails. See Ngongo, 397 F.3d at 823-24.
We lack jurisdiction to review the IJ’s grant of voluntary departure, see 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and therefore we dismiss the petition as to Rivas-Barrios’ voluntary departure request.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.